### CLUNE *v.* BROOKLYN E. R. Co.

*(Supreme Court, General Term, Second Department.* May 14, 1888.)

'CARRIERS—OF PASSENGERS—NEGLIGENCE—FAILURE OF CONDUCTOR TO NOTIFY PASSENGER OF DANGER.

In an action against an elevated railroad company for injuries received while endeavoring to pass from one car to another, it appeared that the accident was caused by plaintiff, as the train started, stepping into the space between the platforms of the cars, which space was closed when the train was standing still; that the conductor, who was on the platform, was attending to his duties, and did not know that plaintiff was endeavoring to pass. *Held,* that the conductor was not negligent in not notifying plaintiff of the danger.

Appeal from circuit court, Kings county; CHARLES F. BROWN, Justice.

Action brought by Lizzie Clune against the Brooklyn Elevated Railroad ·Company for injuries sustained while endeavoring to pass from one car to another. Plaintiff requested the court to charge that the conductor, who was ·on the platform where the plaintiff fell, owed a duty to plaintiff to warn her .of the danger, if he knew of it, of stepping from the platform of one car to that of another. This the court refused, under the evidence. Verdict and judgment for defendant, and plaintiff appealed.

*J. F. Bullwinkel,* for appellant. *Lauterbach & Spingarn,* for respondent.

PRATT, J. A reversal of the judgment is claimed chiefly on the ground that error was committed by refusal to charge that the conductor of the train, who was on the platform where the plaintiff fell, owed her a duty to warn her of the danger, if he knew it, of stepping from the platform to the platform of the car where she intended to go. It appears from the evidence that when the cars are at rest they are substantially in contact, but that when in motion they are separated by a distance of some inches. One not aware of the change in the situation resulting from putting the cars in motion might not unnaturally step into the vacant place thus produced.

Although it appears that plaintiff had before ridden upon the elevated cars, it does not follow that she must be aware of the danger of crossing from car to car, due to the vacant place thus caused. The conductor must be presumed to know such danger, and, if he heard the proposal for plaintiff to cross, the ·question is raised whether he did not owe a duty to the plaintiff to warn her of the danger. We think he did, but this must not be considered as exclusive ·of his other duties. He owed a duty to the train, like closing the gates and giving the signal to start, and general superintendence of affairs at that part ·of the train, and it was not his duty to neglect everything else in order to es-·cort a passenger from one platform to another. Now, his whole conduct was fairly submitted to the jury. The court ruled that defendant was bound to

use due care to protect from risk of falling through where plaintiff fell any person who should come on the cars. This included every reasonable effort on the part of defendants' servants to prevent injury to passengers by falling between the cars. There was no evidence that the conductor knew the plaintiff was about to cross the opening between the cars. It is true he heard some one say, "Take the next car," but he was very busy in his imperative duties at the time, and, as soon as he could turn around, he heard the scream, and the plaintiff was down between the cars. It was therefore proper for the court to refuse to charge, upon the evidence, that it was the duty of the conductor to notify the plaintiff of danger, as these circumstances were not evidence that the conductor knew an attempt was about being made to cross the opening. The charge, as a whole, gave the jury the correct rule of law on the facts as they appeared in evidence, and the judgment must be affirmed, with costs.